```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Vincent L. Guinn, M.D.,            :

      Plaintiff,                 :

   v.                                :     Case No. 2:09-cv-0226

Mount Carmel Health Systems,       :     JUDGE SARGUS
et al.,
                                        :
      Defendants.

ORDER

    This case is before the Court to consider the motion to compel filed by plaintiff Vincent L. Guinn, M.D.  The motion has been fully briefed.  For the following reasons, the motion will be granted in part and denied in part.

I.  Background

    In this race discrimination case, Dr. Guinn, a physician specializing in electrophysiology and cardiac care, asserts claims under 42 U.S.C. §1981 and 42 U.S.C. §1985 as well as pendent state law claims for violations of Ohio Revised Code §4112.02 and §4112.99, tortious interference with business relationships, and defamation.  Dr. Guinn has named as defendants Mount Carmel Health (MCH), Mount Carmel Health Systems, Trinity Health Corporation, and various associated physicians.

    According to the amended complaint, defendants summarily suspended various of Dr. Guinn's medical privileges without adequate investigation or discussion with Dr. Guinn.  The amended complaint alleges that the suspension was ultimately upheld, based on the unsupported accusations of various defendants, following a hearing process.  Dr. Guinn claims that a proper investigation would have revealed that there was no support for any finding that his implantation of a medical device into a

patient fell below the appropriate standard of care. Additionally, Dr. Guinn claims that, to the extent his treatment of the patient did fall below the standard of care, because of his race he was treated differently from other physicians in similar situations.  As a result of his suspension, Dr. Guinn alleges that he suffered harm to his reputation, financial well-being, and his medical practice.  The parties have entered into a confidentiality stipulation and protective order filed in this case on March 2, 2010.

## II.   The Motion to Compel

In his motion to compel, relating to discovery requests directed only to defendant MCH, Dr. Guinn asserts that his narrowly-tailored requests address two primary and highly relevant issues.  First, Dr. Guinn seeks to discover all similarly situated physicians with medical privileges with MCH, whether any of those physicians have ever been disciplined and the outcome of that discipline.  Further, Dr. Guinn seeks to discover MCH's treatment of other similarly situated physicians relating to the peer review process and suspension of medical privileges.  To this end, Dr. Guinn has propounded 43 interrogatories and 34 requests for production of documents to defendant MCH.

Dr. Guinn has not identified with specificity the discovery responses he is seeking to compel.  Rather, he states in his motion that MCH "has generally objected to almost every single interrogatory and request for production of documents."  The bases for MCH's objections, as explained by Dr. Guinn, include the Ohio peer review privilege, the physician-patient privilege and relevance.  Dr. Guinn argues that the privileges relied upon by MCH are state law privileges with no applicability in this federal question case.  Further, Dr. Guinn asserts that the information requested is crucial to his ability to prove that

similarly situated non-class members were treated more fairly than he was by MCH and is, therefore, highly relevant. Given the broad manner in which Dr. Guinn has argued his motion to compel, the Court construes his motion as seeking to compel responses to all discovery requests which have been withheld on grounds of either privilege or relevance. Dr. Guinn has also requested an award of attorneys' fees and expenses in connection with the motion to compel.

In response, MCH asserts that the motion to compel should be denied based primarily on Ohio laws of privilege. MCH contends that federal courts apply the state law of privilege when a plaintiff asserts both federal and state law claims and the state law privilege is invoked only with respect to evidence relating to the state law claims. Further, MCH argues that federal courts may choose to apply state privilege law by analogy or as a matter of comity in federal question cases. Based on this premise, MCH claims that the Court should apply the Ohio peer review privilege statute and the Ohio physician-patient privilege statute in this action. MCH also contends that much of the discovery being sought is irrelevant.

### III. Analysis
#### A. Privilege

Because the issue of privilege can be resolved fairly easily, the Court will turn to it first. The law in this Circuit is well settled that, in a federal question case, the existence of pendent state law claims does not relieve the Court of "[the] obligation to apply the federal law of privilege." Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992); see also State Farm Mut. Ins. Co. v. Policherla, 2009 WL 2170183 (E.D. Mich. July 20, 2009). As a result, MCH's arguments to the contrary are entirely without merit and will not be addressed in detail here.

It is equally well-established that the privileges asserted

3

by MCH do not exist under federal law. The Sixth Circuit in Hancock confirmed that there is no federal physician-patient privilege. Hancock at 1373. See also General Motors Corp v. Director of Nat. Inst. for OSHA, 636 F.2d 163, 165 (6th Cir. 1980); Boddie v. Cranston, 181 F.3d 99 (6th Cir. 1999); Nilavar v. Mercy Health System-Western Ohio, 210 F.R.D. 597 (S.D. Ohio 2002); Vartinelli v. Caruso, 2008 WL 2397666 (E.D. Mich. June 10, 2008); State Farm, 2009 WL 2170183. Similarly, the weight of authority in this Circuit and others is that no physician peer review privilege exists under federal common law. Nilavar, at 601-605 and cases cited therein; see also In re Department of Justice Subpoena Duces Tecum to Custodian of Records for Baptist Memorial Hosp., 2004 WL 2905391 (W.D. Tenn. June 22, 2004).

 Further, MCH's alternative arguments urging the Court's application of the Ohio peer review privilege in this case based on issues of comity or confidentiality are not persuasive. In Nilavar, Judge Rice addressed these issues when considering at great length the peer review privilege and concluded that these issues did not "overcome Plaintiff's 'need for the information sufficient to prove [his] allegations.'" Nilavar at 608, quoting Lemasters v. Christ Hosp., 791 F.Supp. 188 (S.D. Ohio 1991). The Court sees no need to depart from Judge Rice's reasoning here.

 Further, MCH's reliance on Talwar v. Catholic Healthcare Partners, 258 Fed.Appx. 800 (6th Cir. 2007), is not persuasive. To the extent the district court applied the peer review privilege in denying a motion to compel, the Sixth Circuit did not squarely address the privilege issue in its decision. Rather, the Sixth Circuit merely held that if the district court improperly denied the motion to compel, such error was harmless.

 Likewise, the confidentiality concerns raised by MCH regarding the physician-patient privilege and medical records routinely have been rejected by federal courts. In recognizing a

4

federal psychotherapist-patient privilege, the Supreme Court specifically distinguished the confidentiality concerns inherent in that relationship from those involved between a medical provider and a patient. As stated by the Court, "[t]reatment by a physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient, and the results of diagnostic tests." Jaffee v. Redmond, 518 U.S. 1, 14, 116 S.Ct. 1923 (1996). However, courts recognize that the concerns raised by MCH can be addressed through Fed.R.Civ.P. 26(c). See, e.g., Equal Employment Opportunity Commission v. Nichols Gas & Oil, Inc., 256 F.R.D. 114 (W.D.N.Y. 2009).

In light of the above, to the extent that MCH has not responded to any discovery requests solely on grounds of a physician-patient privilege or peer review privilege, the motion to compel will be granted consistent with the protective order previously entered in this case. The Court will now turn to MCH's objection that much of the discovery sought is irrelevant.

B. Relevance

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D.Ohio 1980). Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of

5

arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. See Herbert v. Lando, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed.R.Civ.P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

As noted above, Dr. Guinn has not identified with any

6

particularity the specific discovery responses at issue.  In its brief, MCH asserts that it objected, on grounds of relevance, to Interrogatory Nos. 4, 5, 8, 13, 14, 26, 27, 29, 32, 34-37, and 39-41 as well as Request for Production of Documents Nos. 2, 6, 8-12, 14, 16, 18, 20-23, 26, and 29.  A review of the discovery responses attached to the motion to compel indicates that MCH has raised, among other objections, a relevance objection to these requests.  The Court's review of the responses also indicates, however, that MCH provided answers, over objection, to several of the requests.  Accordingly, it appears to the Court that the requests at issue may include Interrogatory Nos. 5, 9, 13, 14, 27, 40, and 41 and Request for Production Nos. 2, 6, 8, 10, 12, 14, 16, 18, 20, 22, and 23.  Request for Production Nos. 21 and 29 do not appear to have been answered in their entirety.  MCH also contends in connection with its relevance argument that several of these requests are overly broad or unduly burdensome.  However, this issue receives only cursory treatment from the parties.

Dr. Guinn argues in his motion, with minimal elaboration, that all of the information he seeks is highly relevant.  His only attempt at addressing any specific response is found on page 9 of his reply and relates to Request for Production No. 23 which was briefly addressed by MCH in its response.  Request for Production No. 23 reads as follows:

> Please produce any and all responses by you to any complaints that were received, reviewed and/or evaluated by Mount Carmel Medical Center, that pertain to the improper conduct of any physician at Mount Carmel Medical Center, including, but not limited to complaints made by patients, medical providers, insurers, hospital employees, other physicians, or any other person associated and/or affiliated with Mount Carmel Medical Center.

MCH claims that this request would require it to produce

complaints it has received from anyone whether or not related to the peer review process or any corrective action taken against physicians relating to patient-care issues.  Essentially, MCH argues that this request is drafted so broadly as to include irrelevant complaints such as those regarding medical billing practices or even parking violations.  Dr. Guinn contends that MCH has read too much into this discovery request.  According to Dr. Guinn, the request is clearly addressed only to physician conduct in relation to patient care.

    While Dr. Guinn may intend that Request No. 23 be limited as he has explained, that is not the way the request reads.  The request as propounded to MCH may well have been drafted so broadly as to require the production of completely irrelevant information.  However, Dr. Guinn's clarification of the information requested has narrowed the request and appears to address the objection raised by MCH in response to the motion to compel.  Consequently, the Court will grant the motion to compel with respect to Request for Production No. 23 as that request has been narrowed by Dr. Guinn.

    With respect to the other requests, however, Dr. Guinn has not provided specific arguments as to why MCH's objection to any particular discovery request on grounds of relevance was not justified.  There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that information sought is relevant.'" Clumm v. Manes, Case No. 2:08-cv-567 (S.D. Ohio May 27, 2010) (King, J.) citing Martin v. Select Portfolio Serving Holding Corp., No. 1:05-cv-273 (S.D. Ohio Sept. 25, 2006).  See also Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted).  Consequently, Dr.

Guinn has the obligation to set forth his arguments in his motion to compel and the Court is not required to do it for him.

Further, as noted above, Dr. Guinn has not addressed the issues of overbreadth or undue burden raised by MCH. Rather, as with the issue of relevance, he simply asserts, with a broad brush, that all of his discovery requests are "narrowly tailored."

In short, Dr. Guinn has made no attempt to inform the Court of how each specific discovery request is reasonably calculated to lead to the discovery of admissible evidence or how precisely specific requests have been narrowly tailored. In light of this, Dr. Guinn's motion to compel will be denied without prejudice to the refiling of a motion to compel which specifically identifies the requests at issue and sets forth particularized arguments. See Robinson v. Adams, 2010 WL 1948252 (E.D. Cal. May 11, 2010); Burkette v. Allstate Ins. Co., 2009 WL 1035436 (M.D. La. Apr. 17, 2009); Trustmark Ins. Co. v. Schuchman, 2003 WL 21277200 (S.D. Ind. June 2, 2003).

### C. Attorneys' Fees

With respect to the request for attorneys' fees, Fed. R. Civ. P. 37(a)(4) authorizes an award of expenses, including attorneys' fees, unless any opposition to the motion is substantially justified, or other circumstances make an award of expenses unjust. Given the record as it relates to the motion to compel, the Court finds that an award of expenses would be unjust. Consequently, Dr. Guinn's request will be denied.

### IV. Disposition

Based on the foregoing, the motion to compel (#29) is granted in part and denied in part as set forth above. MCH shall provide any discovery responses withheld on grounds of a physician-patient privilege or peer review privilege within fourteen days. Further, MCH shall produce any documents

9

responsive to Request for Production No. 23, as clarified by this order, within fourteen days.  The request for attorneys' fees is denied.

## V. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge